FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 FEB -7 PM 3:21
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| VINCENT SAVAGEAU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 112-016 |
| ) | (Formerly CR 106-092) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate confined to federal custody at U.S.P. McCreary in Pine Knot, Kentucky, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

**I.  BACKGROUND**

On September 28, 2006, Petitioner pled guilty to one count of conspiracy to rob commercial businesses, in violation of 18 U.S.C. § 1951; two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d); and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). United States v. Savageau, CR 106-092, doc. nos. 48, 51, 54 (S.D. Ga. Sept. 28, 2006) (hereinafter "CR 106-092"). The

Honorable William T. Moore, Jr., then-Chief United States District Judge, sentenced Petitioner to serve concurrent 164 month terms of imprisonment on the conspiracy and armed robbery counts, and to serve a consecutive 84-month term of imprisonment on the firearm count; a judgment was entered on September 26, 2007. Id., doc. no. 77. Because he had three prior convictions – two for possession with intent to distribute cocaine and one for assault – the range for Petitioner's sentence under the United States Sentencing Guidelines was longer than it would have been without the prior convictions.[1] (Doc. no. 1, p. 3; see also CR 106-092, doc. no. 3, p. 8 (listing prior convictions).)

Petitioner's appointed counsel filed a notice of appeal, following which he filed an appellate brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there were no arguable issues of merit on appeal. The Eleventh Circuit agreed and affirmed Petitioner's convictions and sentences on September 17, 2008. United States v. Savageau, 292 F. App'x 895 (11th Cir. 2008) (*per curiam*). Petitioner did not make any other attempt to challenge his convictions or sentences until he submitted the instant motion, which was executed on January 27, 2011, and filed by the Clerk of Court on January 30, 2011.[2] (Doc. no. 1, pp. 1, 6.)

---

[1] According to the indictment in his federal case, each of Petitioner's three prior convictions occurred in 2002 in Massachusetts state courts. See CR 106-092, doc. no. 3, p. 8.

[2] Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of execution and delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing").

Petitioner enumerates two grounds for relief in his § 2255 motion. In Ground One, he asserts that he was "without counsel" at the time he was sentenced for his prior state convictions such that the prior convictions should not have factored into his federal sentence.[3] (Id. at 2-5.) In Ground Two, Petitioner argues that his counsel in his state court cases provided ineffective assistance by failing to represent him at sentencing. (Id. at 2, 5-6.)

## II. DISCUSSION

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Following the conclusion of Petitioner's direct appeal on September 17, 2008, he did not petition the Supreme Court for a writ of certiorari within the ninety day time limit set by United States Supreme Court Rule 13(1). Therefore, Petitioner's convictions and

---

[3] Petitioner reports that he was sentenced for all three of these prior convictions on the same day in the Superior Court of Hampden County, Massachusetts. (Doc. no. 1, p. 3.)

3

sentences became final in or around December of 2008. See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.") (citing Clay v. United States, 537 U.S. 522, 525 (2003)); Kaufmann v. United States, 282 F.3d 1336, 1337-38 (11th Cir. 2002). Assuming Petitioner's AEDPA clock began running on this date, the instant motion, filed more than three years later, is untimely.

The Court is mindful that a petitioner whose prior convictions used to enhance his sentence have been vacated may file a § 2255 motion within one year of the vacatur of the prior convictions, as such vacatur "is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4)." Stewart v. United States, 646 F.3d 856, 858 (11th Cir. 2011) (footnote omitted) (citing Johnson v. United States, 544 U.S. 295, 302 (2005)). Here, however, Petitioner does not allege that his prior convictions have been vacated; rather he seeks to challenge the validity of his prior state convictions in the instant federal action.

The Court also recognizes Petitioner's assertion that, pursuant to Custis v. United States, 511 U.S. 485, (1994), he may collaterally attack a prior conviction used to enhance his sentence by arguing a complete denial of counsel. This assertion, however, misses the point, as it only addresses a type of claim that Petitioner might bring in a *timely* § 2255 motion. Petitioner offers nothing to suggest that his claims raising the denial of counsel in his prior state cases are somehow exempt from the statute of limitations applicable to his § 2255 motion.

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d

4

1219, 1226 (11th Cir. 2003), *aff'd,* 544 U.S. 295 (2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him."

Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pled guilty such that no reasonable juror would have convicted him. Indeed, his claims focus exclusively on alleged errors at sentencing in prior state cases. Therefore, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments sufficient to support a claim of actual innocence. Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

In addition, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. The District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. A COA should be granted only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth herein, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite

showing. Accordingly, a COA should be **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner should be **DENIED** permission to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

## III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**. The Court further **RECOMMENDS** that Petitioner be **DENIED** a COA and permission to appeal *in forma pauperis*.

SO REPORTED and RECOMMENDED this 7th day of February, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]"If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

7